FILED BY [illegible] D.C.
05 AUG 16 AM 11: 27
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| THANGHKAO SYSENGLATH,<br><br>Petitioner,<br><br>vs.<br><br>T.C. OUTLAW,<br><br>Respondent. | X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X | No. 05-2444-B/V |

ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Petitioner Thangkhao Sysenglath, Bureau of Prisons inmate registration number 06550-030, an inmate at the Federal Correctional Institution in Memphis, filed a pro se petition pursuant to 28 U.S.C. § 2241 on June 20, 2005. The Court issued an order on June 27, 2005 directing the petitioner, within thirty (30) days, to file an in forma pauperis affidavit or pay the habeas filing fee. Petitioner paid the habeas filing fee on July 11, 2005.

The prisoner complains that he is experiencing a skin rash over his entire body that has been unresponsive to the treatment provided to date, which is not described in the petition. He seeks an appointment with a dermatologist.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 8-18-05



It is necessary, as a threshold matter, to consider whether this claim can be brought in a petition pursuant to 28 U.S.C. § 2241 or whether it can only be raised in a civil action pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). "It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). As the Supreme Court explained:

> The original view of a habeas corpus attack upon detention under a judicial order was a limited one. The relevant inquiry was confined to determining simply whether or not the committing court had been possessed of jurisdiction. . . . But, over the years, the writ of habeas corpus evolved as a remedy available to effect discharge from any confinement contrary to the Constitution or fundamental law, even though imposed pursuant to conviction by a court of competent jurisdiction. . . . Thus, whether the petitioner's challenge to his custody is that the statute under which he stands convicted is unconstitutional . . . ; that he has been imprisoned prior to trial on account of a defective indictment against him . . . ; that he is unlawfully confined in the wrong institution . . . ; that he was denied his constitutional rights at trial . . . ; that his guilty plea was invalid . . . ; that he is being unlawfully detained by the Executive or the military . . . ; or that his parole was unlawfully revoked, causing him to be reincarcerated in prison . . . —in each case his grievance is that he is being unlawfully subjected to physical restraint, and in each case habeas corpus has been accepted as the specific instrument to obtain release from such confinement.

Id. at 485-86 (citations omitted); see also id. at 487 ("[R]ecent cases have established that habeas corpus relief is not limited to immediate release from illegal custody, but that the writ is available as well to attack future confinement and obtain future releases.").

Although there is some blurring of the lines between a habeas petition and an action pursuant to 42 U.S.C. § 1983 or Bivens, this case does not approach that line. As the Seventh Circuit explained:

> For most purposes, the line between the domain of collateral review and that of § 1983 is simple. State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. . . . State prisoners who want to raise a constitutional challenge to any other decision, such as a transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions—when the decision may be challenged at all . . . . Legal rules, like physical surfaces, cause diffraction at the edges . . . , but the exceptions (like the scattering of light) may be ignored for most practical purposes. Prisoners who follow the rule stated in this paragraph rarely will go wrong; those who ignore it rarely will go right.

Moran v. Sondalle, 218 F.3d 647, 650-51 (7th Cir. 2000) (per curiam) (citations omitted); see also Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) ("Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. . . . A habeas petition, on the other hand, is

the proper vehicle to seek release from custody.") (citations omitted). In this case, the petition does not challenge either the fact or the duration of the prisoner's confinement. It is, instead, limited to a challenge to the medical care that has been afforded this prisoner for his skin condition. This is a matter that falls squarely under the purview of Bivens. Villanueva-Monroy v. Hobart, No. 05-C-214-C, 2005 WL 941144, at *1 (W.D. Wis. Apr. 18, 2005) ("Even if the petitioner were to prove that his medical need is serious and that respondent has been deliberately indifferent to it, he would not be entitled to release or modification of his sentence. The injury he alleges is a claim that must be raised in a civil action brought pursuant to Bivens v. Six Unknown Federal Narcotics Agents.").[1]

[1] The Seventh Circuit recognized that state prisoners may have strategic reasons for preferring habeas to § 1983 or Bivens:

> The Prison Litigation Reform Act, which applies to prisoners' civil suits, imposes requirements different from those of the Antiterrorism and Effective Death Penalty Act, which governs collateral attacks on confinement, making it important to classify cases correctly. . . . Prisoners may be tempted to choose one route rather than another to avoid limitations Congress adopted. For example, the filing fee for an action seeking a writ of habeas corpus is $5, while the fee to commence a case under § 1983 is $150 . . . , and the fee in a § 1983 case eventually will be collected from the prisoner's trust account under 28 U.S.C. § 1915(b) even if the prisoner cannot pay in advance. Frivolous actions count as "strikes" under § 1915(g), and a prisoner who has accumulated three strikes must as a rule prepay the fees in all future civil actions, while collateral attacks are not subject to limitation because of prior frivolous suits.

Moran, 218 F.3d at 649 (citations omitted). In this case, there is no indication that the prisoner has exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a), which is required in order to assert a Bivens claim.

Because of the vastly different procedural requirements for habeas petitions and § 1983 or Bivens actions, a court confronted with a habeas petition that is properly brought under § 1983 or Bivens should dismiss the petition, rather than "converting" the petition to a § 1983 or Bivens action. Richmond v. Scibana, 387 F.3d 602, 606 (7th Cir. 2004); Moran, 218 F.3d at 651. As Sysenglath is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is DISMISSED without prejudice to his right to assert this claim in a Bivens action.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Stanford v. Parker, 266 F.3d 342 (6th Cir. 2001); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241, McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996), and it also is inapplicable to this case, which was not properly brought as a

habeas petition, Moran, 218 F.3d at 650; Walker v. O'Brien, 216 F.3d 626, 637-39 (7th Cir. 2000).

Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917. Although the Sixth Circuit has concluded that the provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, do not apply to § 2254 petitions, it has not resolved whether these requirements apply to § 2241 petitions. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions). However, where, as here, a prisoner attempts to cloak an alleged civil rights violation as a habeas petition, "the district court must assess the applicable appellate filing fee . . . under the McGore procedures." Kincade, 117 F.3d at 952.

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. Because these claims plainly are not cognizable in a § 2254 petition, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the petitioner is not taken in good faith and petitioner may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if petitioner appeals the dismissal of this case.[2] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the petitioner is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 16th day of August, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

[2] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02444 was distributed by fax, mail, or direct printing on August 18, 2005 to the parties listed.

Thangkhao Sysenglath
Federal Corrctional Institutional
06550-030
Box 34550
Memphis, TN 38184

Honorable J. Breen
US DISTRICT COURT